UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OUYANG ZHONG,
A-073-188-093,

Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER, et al.,

Respondents.

No.  1:26-CV-0114-DJC-DMC (HC)

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee who is representing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Respondents filed an answer, ECF No. 15, and petitioner filed replies, ECF Nos. 17 and 19.

## I. BACKGROUND

According to Petitioner, he arrived in the United States around December 1993, was ordered removed in 1995 based on Petitioner being convicted of a felony, but Immigrations and Customs Enforcement (ICE) has been unable to remove Petitioner to his home country of China. See ECF No. 1, pg. 2. Petitioner contends he was released on an order of supervision around March 30, 2006, was re-detained around April 27, 2006, and then was released pursuant to a grant of writ of habeas corpus around November 9, 2006. Id. Petitioner asserts that Petitioner

1

has "remained lawfully present under ICE supervision and maintained valid employment authorization (C18) for over a decade." Id. Petitioner alleges that he was re-detained on June 9, 2025, "despite no change in his removal status." Id. at 3. Petitioner contends that, as of January 8, 2026, he had assisted ICE with processing the requested travel documents by providing the necessary information, documents, and signatures. See id. Petitioner asserts that Respondents are still unable to remove Petitioner to China, and his continued detention violates Zadvydas. Id.

The District Judge initially construed the petition as a motion for temporary restraining order and directed Respondents to show cause as to whether there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future and why the Court should not grant Petitioners Motion. See ECF No. 3. On January 19, 2026, Respondents informed the Court that travel documents were requested from the Chinese consulate on October 2, 2025. See ECF No. 8-1, pg. 2. According to Respondents, "ICE was notified that China is awaiting verification of Petitioner's identity to issue his travel document" on November 3, 2025, and, as of January 19, 2026, a Deportation Officer was "informed and believe that China will issue Petitioner's travel documents in the next three (3) months." Id. Further, Respondents stated that "In the past six (6) months, I am informed that ERO Bakersfield has received approximately ten (10) China issued travel documents for similarly situated detained individuals." Id. Based upon this information, the District Judge denied Petitioner's request for a temporary restraining order, finding Petitioner had failed to establish a likelihood of success on the merits. See ECF No. 9. Parties subsequently completed briefing on the merits.

In their answer, Respondents contend that they "believe that they will receive Petitioner's travel documents in the next three months." ECF No. 15, pg. 4. In support of this claim, Respondents cited the same information provided January 19, 2026. See ECF No. 15.

**II. DISCUSSION**

The undersigned finds that because Petitioner has been detained for almost ten months, has established there is no significant likelihood of removal in the reasonably foreseeable future and Respondents failed to rebut that showing, Petitioner is entitled to relief pursuant to

2

Zadvydas. Thus, the undersigned finds that Petitioner's continued detention violates due process, and will therefore recommend the petition be granted and Respondents be ordered to immediately release Petitioner on the same terms of his prior release.

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. Hernandez v. Session, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings. Id. at 693–94.

In Zadvydas, the Supreme Court noted that a "statute permitting indefinite detention of an alien would raise a serious constitutional problem" under the Fifth Amendment Due Process Clause. Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Accordingly, the Supreme Court held that after a presumptively reasonable six-month period of post-removal period detention,

> once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Id. at 701.

The undersigned finds that Petitioner has met their burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. According to Petitioner, China refused to issue Petitioner travel documents in 2006. See ECF No. 19, pg. 2. Though Petitioner had stated that "ICE [h]as not been able to remove Petitioner to China," ECF No. 1, pg. 2, Petitioner's reply briefing provided that China "refused to issue travel documents" for Petitioner in 2006, ECF No. 19, pg. 2. This additional information provides a strong showing that Petitioner's removal is not likely in the reasonably foreseeable

future, because Respondents were previously unable to effectuate Petitioner's removal due to China refusing to provide travel documents. Thus, the burden shifts to Respondents to rebut that showing.

The District Judge previously found Petitioner failed to show a likelihood of success on the merits based on Respondents' representation that Petitioner's travel documents are likely to be produced within three months. See ECF No. 19. In their January 19, 2026, filing, Respondents stated that "there is sufficient basis to believe that Petitioner's removal from the United States to China will occur in the next three (3) months." ECF No. 8, pg. 3. Almost a month later, Respondents' position is now: "Respondents believe that they will receive Petitioner's travel documents in the next three months." ECF No. 15, pg. 4. Respondents answer to the petition, cited the same information provided January 19, 2026. See ECF No. 15. Respondents did not explain why China previously refused to issue Petitioner's travel documents and why Respondents believe Petitioner will now be issued travel documents. Indeed, Respondents position is that travel documents were requested in October 2025. Thus, over six months have passed since Respondents requested Petitioner's travel documents.

More important, though almost a month had passed, Petitioner's removal appears further away because Respondents shifted from stating Petitioner may be removed in three months to merely stating his travel documents may be ready in three months. Respondents do not claim that they are in the position to remove Petitioner once his travel documents are ready – it instead appears they are less prepared to effectuate Petitioner's removal.

Respondents cite a district court case out of Texas in support of their claim that Petitioner's removal is reasonably foreseeable. See ECF No. 15, pgs. 3-4. However, Respondents' reliance is misplaced. Respondents cite two portions of that case: (1) "the undisputed evidence is that relationships between the two countries have changed since January 2025, travel documents are being approved, and removals are happening at an increasing rate;" and (2) "the respondents now have travel documents and are removing [Petitioner], less than five months after his redetention." Nguyen, 797 F. Supp. 3d at 666 and 672. Neither is applicable here – Respondents do not show that "removals [to China] are happening at an increasing rate," and, most important,

4

Respondents do not have travel documents for Petitioner.

Petitioner has been in custody since June 9, 2025, almost ten months at the time of this order. Respondents are further from effectuating Petitioner's removal now than they represented in January because then Respondents claimed Petitioner's removal was likely within three months but now, Respondents claim only Petitioner's travel documents are likely to be ready in that time. Respondents make no showing that they are ready to effectuate Petitioner's removal once travel documents are obtained. The Court in Zadvydas instructed that the longer an individual is detained, "what counts as the 'reasonably foreseeable future' conversely would have to shrink."  Considering Petitioner's time in detention has increased but Petitioner's removal is less foreseeable than it was in January, the undersigned finds that Petitioner is entitled to Zadvydas relief.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends:

1. It is RECOMMENDED that the petition for writ of habeas corpus, ECF No. 1, be GRANTED;

2. It is RECOMMENDED that Petitioner's motion for reply to be deemed timely, ECF No. 18, be DENIED AS MOOT

3. It is RECOMMENDED that Respondents be ORDERED to immediately release Petitioner, A-073-188-093, with his belongings, on the same terms as his prior release. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

4. It is RECOMMENDED that Respondents be ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven (7) day notice and a hearing before a neutral fact-finder where Respondents show: (a) there are material changed circumstances which demonstrate that there is a significant likelihood of Petitioner's removal in the reasonably

foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 8, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE